UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DENNIS OBADO,** | Civil Action No. 21-10420 (FLW) |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| **SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY,** | |
| Respondent. | |

This matter has been opened to the Court by Petitioner Dennis Obado's ("Petitioner") filing of a Petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 and a motion to compel. ECF Nos. 1, 7. The Court previously granted Petitioner's application to proceed *in forma pauperis* ("IFP application"). ECF No. 8. For the reasons explained in this Memorandum and Order, the Court dismisses the mandamus Petition in its entirety, pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), for lack of jurisdiction and for failure to state a claim for relief and also denies the motion to compel and request for counsel. ECF No. 7.

**I.     RELIEF SOUGHT BY PETITIONER**

The Court liberally construes Petitioner to assert that defects in his 1990 state court criminal proceedings—namely the failure of counsel and the state court to advise him of the immigration consequences of pleading guilty—invalidate the Notice to Appear ("NTA") in his immigration removal proceedings.[1] *See* Petition at ¶¶ 1-19. Petitioner asks this Court to

---

[1] Petitioner has filed numerous unsuccessful collateral appeals in state and federal court challenging the 1990 conviction. On May 31, 2002, defendant filed a petition for habeas corpus pursuant to 28 U.S.C.A. § 2254, challenging the 1990 conviction for third-degree possession of cocaine near or on school property, N.J.S.A. 2C:35–7(a), which the federal district court dismissed because defendant was no longer in custody. *See Obado v. New Jersey*, 328 F.3d 716,

"terminate the notice to appear in immigration removal proceedings scheduled for October-November 2021 in Newark Immigration Courts, and grant Petitioner full reinstatement of Petitioner's immigration Status, from temporary resident to Naturalized United States Citizen with all entitled work authorization benefits, social security card, U.S. passport, and an order compelling return of Petitioner's Kenyan passport." Petition at ¶ 19. In the relief section of his Petition, Petitioner also seeks the following: "summary relief in FISA Courts regarding dismissal with prejudice all FISA applications, summary relief in the State Court criminal case," and "full reinstatement of Petitioner's New Jersey Driver[']s license[.]" *Id.* at ¶¶ 20-21.

## II.   CAUSE OF ACTION AND STANDARD OF REVIEW

Petitioner has styled his pleading as a mandamus action. The gravamen of his Petition seeks to halt his immigration removal proceedings. Petitioner contends that there is a "mandatory requirement" that U.S. Citizenship and Immigration Services ("USCIS") rely on accurate and fair state court records in conducting removal proceedings. *See* Petition at ¶¶ 18-19. Petitioner's allegations allude to the test for mandamus relief under 28 U.S.C. § 1361. That statutory provision provides as follows: The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

---

717 (3d Cir. 2003) (affirming denial of COA). In 2017, Petitioner filed a petition seeking relief from the 1990 conviction under § 2241. *See Obado v. United States Gov't*, No. 17-1943, 2017 WL 1536418, at *1 (D.N.J. Apr. 27, 2017), dismissal aff'd, No. 17-2116, 2017 WL 5564552 (3d Cir. Aug. 9, 2017). This Court also dismissed a similar § 2241 petition Petitioner filed on September 18, 2021. *See Obado v. United States Government*, No. 20-12820, 2021 WL 323763, at *3 (D.N.J. Feb. 1, 2021)( dismissing petition for lack of jurisdiction because petitioner failed to meet the "in custody" requirement for habeas relief). Petitioner has also filed four petitions for postconviction relief ("PCR") in state court, asserting that his plea attorney was ineffective for failing to advise defendant of the deportation consequences of his guilty plea in 1990, and each PCR was dismissed as untimely. *See State v. Obado*, 2017 WL 694717, at *1 (N.J. Super. App. Div. Feb. 22, 2017) (explaining procedural history and denying Petitioner's fourth PCR). The Court does not construe Plaintiff to challenge his criminal conviction here but instead construes him to assert that his criminal conviction may not be used as a basis for his removal.

agency thereof to perform a duty owed to the plaintiff."  The Court liberally construes Plaintiff to bring a mandamus action pursuant to 28 U.S.C. § 1361.

As noted above, the Court previously granted Plaintiff's IFP application, which subjects his pleading to screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B).[2]  The PLRA directs the Court to dismiss any claim if that claim is frivolous, or malicious, or fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), and/or to dismiss any defendant who is immune from suit.  See 28 U.S.C. § 1915(e)(2)(B).

The Court notes, however, that the Third Circuit has not squarely determined whether the PLRA or its screening provisions apply to mandamus actions brought pursuant to 28 U.S.C. § 1361.[3]  Courts in this District have relied on Second Circuit precedent in finding that the PLRA does apply in mandamus actions brought pursuant to § 1361 where the relief sought is analogous

---

[2] The screening requirements of § 1915(e) also apply to nonprisoners, such as Obado, who seek and are granted IFP status.  See Stamos v. New Jersey, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), aff'd, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); Roy v. Penn. Nat'l Ins. Co., No. 14–4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted).

[3] In *Madden v. Myers*, the Third Circuit held that true or "bona fide" mandamus petitions cannot be subject to the PLRA fee requirements because they fall outside the plain meaning of the PLRA. 102 F.3d 74, 78 (3d Cir. 1996), superseded by rule on other grounds as noted in *In re Ordaz*, 491 F. App'x 348 (3d Cir. Jan 14, 2013). The Third Circuit conducted this analysis in the context of a writ of mandamus filed pursuant to 28 U.S.C. § 1651(a), as the Petitioner in *Madden* petitioned the Third Circuit under 28 U.S.C. § 1651(a) for a writ of mandamus requiring the district court to promptly act upon his request for habeas corpus relief.  See id. at 76.  The court specifically declined to decide whether the same logic applied to § 1361 petitions.  See *Madden*, 102 F.3d at 77 n.2 ("Although the same considerations may apply, whether the PLRA applies to § 1361 petitions is not before us, and therefore, we need not decide it at this time.").  Notably, the Third Circuit held that it "agree[d] with the courts of appeals that have held that where the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail, the petition for mandamus need not comply with the PLRA." Id. at 77.  In any event, there is no fee issue in this matter, as Petitioner is not a prisoner and is not required to pay the fee in installments upon receiving *in forma pauperis* status.

to the relief sought in a civil complaint. *See, e.g.*, *Franco v. Bureau of Prisons*, 2006 WL 1207976, at *1 (D.N.J. 2006) (citing *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to mandamus petitions that seek relief analogous to civil rights complaints).[4] Notably, the Third Circuit affirmed the district court's dismissal of that mandamus action under 28 U.S.C. § 1915(e)(2). *Franco v. Bureau of Prisons*, 207 F. App'x. 145, 146, 2006 WL 3521880, at *1 (3d Cir. 2006) (affirming district court and dismissing appeal under 28 U.S.C. § 1915(e)(2)(B)).

Here, Petitioner seeks to compel USCIS to stop his civil removal proceedings, which have been instituted as a result of his 1990 criminal conviction.[5] Petitioner also seeks the restoration of his immigration status along with other privileges, the return of his foreign passport, the restoration of his driver's license, the dismissal of alleged FISA warrants, and unspecified "summary relief" in his criminal case. Because nearly all the relief sought appears to be civil, rather than criminal, in nature, the Court will screen the Petition for dismissal pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). The Court also screens Petitioner's motion to compel and addresses his request for counsel. ECF No. 7.

Finally, as explained in more detail below, the Court lacks jurisdiction over several of Petitioner's claims for relief and may *sua sponte* consider whether it has subject matter jurisdiction. *See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte* ....").

---

[4] Because the petition in *In re Nagy* was related to the judge conducting the criminal trial, the appellate court concluded that the requirements of the PLRA did not apply. *Id.*

[5] As noted by the Supreme Court in *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010), "[a]lthough removal proceedings are civil in nature, *see INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038 (1984), deportation is nevertheless intimately related to the criminal process."

### III. DISCUSSION

#### a. Mandamus Relief Under 28 U.S.C. § 1361

"The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "A party seeking the issuance of the writ of mandamus must 'have no other adequate means to attain the relief he desires,' and must show that the 'right to the issuance of the writ is clear and indisputable." *Volcy v. United States*, 469 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (citing *Stehney v. Perry*, 101 F.3d 925, 934 & n. 6 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). "To have a 'clear and indisputable' right to the issuance of the writ under § 1361, the petitioner must show that he is owed 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Id.* at 84 (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir.1972) (*en banc*), rev'd on other grounds, 418 U.S. 166 (1974)). "Even where this burden is met, the court has discretion to deny the writ, 'even when technical grounds for mandamus are satisfied." *Bango v. Green–Allen*, No. 10–6180, 2011 WL 9500, at *3 (D.N.J. Jan.3, 2011) (quoting *Coombs v. Staff Attorneys*, 168 F. Supp.2d 432, 434–35 (E.D. Pa.2001)).

Here, the Court lacks jurisdiction over Petitioner's claims seeking to terminate his NTA and halt his immigration proceedings.[6] In 2005, Congress enacted the Real ID Act, which specifically modified provisions of 8 U.S.C. § 1252 to strip courts of jurisdiction over certain

---

[6] To the extent this action can be construed as a petition for a writ of error *coram nobis* with respect to Petitioner's state court conviction, federal courts also lack jurisdiction to entertain such petitions where the petitioner seeks to vacate a state court conviction. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam). As such, this Court has no jurisdiction to vacate Petitioner's state court conviction.

mandamus actions brought pursuant to 28 U.S.C. § 1361 and § 1651. *See* Real ID Act, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310–11 (2005). As amended, § 1252(g) reads as follows:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The provision prohibits "challenges to three of the Attorney General's 'decision[s] or action[s]': those that "commence proceedings, adjudicate cases, or execute removal orders." *Tazu v. Attorney General United States*, 975 F.3d 292, 296 (quoting § 1252(g)). Because Petitioner challenges the decision to commence and adjudicate removal proceedings against him, the Court lacks jurisdiction to direct USCIS, Executive Office for Immigration Review ("EOIR"), or any of its employees to terminate Petitioner's NTA and/or halt his immigration proceedings.[7]

Relatedly, Petitioner also asks for "full reinstatement of Petitioner's immigration Status, from temporary resident to Naturalized United States Citizen with all entitled work authorization benefits, social security card, U.S. passport, and an order compelling return of Petitioner's Kenyan passport." To the extent these requests are not also barred by § 1252(g), Petitioner does not meet the test for mandamus relief under § 1361 with respect to this claim for mandamus relief, as he has not shown that he has "exhausted all other avenues of relief" with USCIS and

---

[7] Real ID also mandates that any challenges to Petitioner's removal proceedings themselves, including constitutional challenges, must be brought in the Court of Appeals when his order of removal is final. *See* 8 U.S.C. § 1252(b)(9); *see also Tazu*, 975 F.3d at 296 ("If an alien challenges one of those discrete actions, § 1252(g) funnels jurisdiction over that challenge into a petition for review in a single court of appeals. Whether the claim is constitutional or statutory, no other court of appeals has jurisdiction to hear it.").

that this agency or its employees "owe[] him a clear nondiscretionary duty," *Heckler*, 466 U.S. at 616, to declare him a naturalized citizen and provide him with the remaining requested relief.

The Court also lacks jurisdiction to direct the New Jersey Courts, the Division of Motor Vehicles ("DMV"), and/or their employees to reinstate Petitioner's driver's license. Petitioner appears to assert that he has been the victim of racial profiling and other civil rights violations, which has resulted in numerous traffic violations and surcharges, *see* Petition at ¶¶ 42-47, and he attaches his New Jersey Driving Abstract from July 2004 to his Petition.[8]  *See* ECF No. 1-19.

It is well settled that "a federal court may not issue a writ of mandamus to compel action by a state court or state official." *In re Marchisotto*, 814 F. App'x 725, 726 (3d Cir. 2020); *Taylor v. Hayman*, 435 F. App'x 62, 63 (3d Cir. 2011) (affirming denial of mandamus petition for lack of jurisdiction brought seeking to compel state officials to perform a duty); *see also In re Grand Jury Proceedings*, 654 F.2d 268, 278 (3d Cir. 1981) (federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise jurisdiction entrusted to it, nor may a federal court (with the exception of the Supreme Court) review a decision of a state tribunal through a writ of certiorari"). As such, the Court lacks jurisdiction to issue a writ of mandamus directing any state court, state agency, or state official to restore Petitioner's driver's license.

Petitioner also seeks "summary relief in FISA Courts regarding dismissal with prejudice all FISA applications[.]" The relief Plaintiff is seeking here is unclear, but the Court assumes that Petitioner refers to The Foreign Intelligence Surveillance Court ("FISA"), which was established by Congress in 1978 and entertains applications made by the United States

---

[8] The Court declines to construe Petitioner's mandamus Petition as a civil rights complaint regarding the alleged racial profiling allegations, which appear to have occurred many years ago. As noted below, nothing in this Memorandum and Order prevents Petitioner from filing a new civil rights complaint regarding the alleged instances of racial profiling, along with the filing fee or an application to proceed *in forma pauperis*, to the extent such claims are not untimely.

Government for approval of electronic surveillance, physical search, and certain other forms of investigative actions for foreign intelligence purposes.[9]  Petitioner appears to assert that he is being subjected to electronic surveillance and FISA warrants.[10]  *See* Petition at ¶¶ 38-39.  Even if this Court has jurisdiction to grant the requested relief, Plaintiff once again does not meet the test for mandamus relief, as he has not shown that he has "exhausted all other avenues of relief" and that relevant federal agency or employee "owes him a clear nondiscretionary duty" to dismiss all FISA applications.  *See Heckler*, 466 U.S. at 616.  As such, Petitioner fails to state a claim for relief with respect to the FISA warrants claim.

   b.  **Motion to Compel and Request for Counsel**

Also pending before the Court is Plaintiff's motion to compel "material witness Jane Doe" and other unnamed respondents from poisoning his food and beverages, contaminating his face masks and other property, stealing funds from his bank account, trespassing into his home, and exposing him to various contaminates, fumes, and viruses.  ECF No. 7, Motion to Compel at 2-17.  Petitioner further alleges that unnamed Respondents are retaliating against Petitioner for appealing his criminal case from 2010-2017 and are depriving him of his paternity rights.  *Id.* at 2-3.  Petitioner further asserts that Jane Doe is committing these acts on behalf of unnamed Respondents to retaliate against Petitioner for inventing social networking, an invention which was stolen from him by FACEBOOK.  *See id.* at 10-11.  Plaintiff further alleges that Jane Doe is engaging in this misconduct due to Plaintiff's "national origin, color race, gender, and other protected class categories" and due to his "free enterprise pursuits."  *Id.* at 12.

---

[9] See FISA website, available at https://www.fisc.uscourts.gov/ (last visited January 27, 2022).

[10] Petitioner's allegations about the FISA warrants appear delusional.

Petitioner seeks a restraining order against Jane Doe and the unidentified Respondents and the return of his stolen funds. *See id.* at 18. Plaintiff reiterates his other requests for mandamus relief as well. *Id.* at 18-21.

There are no well-pleaded facts to suggest that Jane Doe and the unnamed Respondents are "officer[s] or employee[s] of the United States" who should be directed "to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361. As such, a mandamus action is not the appropriate vehicle for Petitioner claims in his motion to compel, and the motion is denied. The appointment of counsel is likewise not warranted in this case because this matter is subject to dismissal at screening.

The Court declines to reconstrue Plaintiff's mandamus Petition or his motion to compel as a civil rights Complaint for damages and/or injunctive relief. Petitioner is free, however, to file <u>a new civil rights complaint</u>, with the appropriate filing fee or application to proceed *in forma pauperis*. The Court notes, however, that Petitioner's allegations about Jane Doe and the unnamed Respondents, as currently drafted, appear delusional, and any new Complaint may be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989) (noting that a claim that is fanciful, fantastic, or delusional is factually frivolous); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)("A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Ackerman v. Mercy Behavior Health*, 621 F. App'x 711, 713 (3d Cir. 2015), ("It is appropriate to make a finding of factual frivolousness 'when the facts alleged rise to the level of the irrational or the wholly incredible[.]'") (citing *Denton*, 504 U.S. at 33).

## IV. CONCLUSION

For all the reasons explained in this Memorandum and Order, the Court dismisses the Petition for a writ of mandamus at screening pursuant to its screening authority under 28 U.S.C. § 1915(e) for lack of jurisdiction and failure to state a claim for relief, and also denies the motion to compel and the request for counsel.

**IT IS, THEREFORE**, on this  31st day of January 2022,

**ORDERED** that Petitioner's Petition seeking mandamus relief pursuant to 28 U.S.C. § 1361 (ECF No. 1) is dismissed in its entirety at screening, pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), for lack of jurisdiction and for failure to state a claim for relief; and it is further

**ORDERED** that the motion to compel (ECF No. 7) is likewise denied; and it is further

**ORDERED** that Plaintiff's request for counsel is denied in light of the dismissal of the Petition at screening; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file and CLOSE this case accordingly.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge